# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case Number: 4:10-CR-20 |
| | § | |
| JAMES OSCAR JONES | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion [for] Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. #50). The Government has responded that it does not oppose Defendant's request to be released and to serve the remainder of his sentence through home confinement (Dkt. #55). The Court, having considered the motion, the response, reply, the supplements, the record, and the applicable law, finds that the motion should be **GRANTED**.

### I. BACKGROUND

On February 24, 2010, Defendant pleaded guilty to the offense of Mailing, Transportation, and Shipping of Child Pornography all in violation of 18 U.S.C. § 2252A(a)(1). Defendant was sentenced to 168 months (Dkt. #34). Defendant is housed at the Ashland Federal Correctional Institution in Ashland, Kentucky.

Defendant submitted a request for compassionate release and/or home confinement to his warden in April 2020 asserting that he was 79 years old and had served more than 75% of his sentence. The warden denied the request based on his inability to qualify for Cares Act release due to his offense of conviction.

On November 12, 2020, Defendant filed his current motion for release (Dkt. #50). His motion argues that he suffers from medical conditions, including "heart conditions, possible stroke,

chronic lymphonic (sic) leukemia," and that combined with his age, he is "more vulnerable to COVID-19 than the average citizen."

## II. DISCUSSION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance, invoked by Defendant, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

Defendant has met section 3582(c)(1)(A)'s exhaustion requirement and Defendant has met the statute's requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence.

### A. Defendant Has Met Section 3582(c)(1)(A)'s Exhaustion Requirement.

Defendant's compassionate-release motion may be considered only if he first meets section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The Director of the BOP may request a sentence reduction in court at any time. *Id.* A defendant may also make such a

request but only after fully exhausting remedies within the BOP or after 30 days have passed since he or she sought administrative remedies. *Id.*[1]

Defendant submitted a request regarding his release, based on concerns relating to COVID-19 and his various medical conditions, to his warden in April 2020 and the warden denied the request. Defendant has, therefore, met section 3582(c)(1)(A)'s exhaustion requirement.

**B. Defendant Has Met Section 3582(c)(1)(A)'s Requirements for Sentence Modification.**

**1. Defendant must meet section 3582(c)(1)(A)'s requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence.**

Under section 3582(c)(1)(A)(i), a district court may grant a sentence reduction if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Congress did not define what constitutes "extraordinary and compelling reasons" for a sentence reduction under section 3582(c)(1)(A), but rather delegated that authority to the Sentencing Commission. In 28 U.S.C. § 994(a)(2), Congress granted the Commission broad authority to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)]." And, as particularly relevant here, in 28 U.S.C. § 994(t), "Congress instructed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction [under section 3582(c)(1)(A)],

---

[1] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

including the criteria to be applied and a list of specific examples.'" *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (quoting 28 U.S.C. § 994(t)).

The Commission's policy statements, issued under 28 U.S.C. § 994(t), are binding concerning what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As the Fifth Circuit has explained, "a common sense reading" of section 3582(c)(1)(A)'s phrase that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," is that, "regardless of whether Congress wanted [the Commission's] policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings." *Id.* "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding." *Id.*; *see also Dillon*, 560 U.S. at 827 (explaining that the Commission's pertinent policy statements are binding on courts where 18 U.S.C. § 3582(c)(2)—using the same language as section 3582(c)(1)(A)—permits a sentencing reduction based on a retroactive guidelines amendment only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Thus, Defendant cannot obtain a sentence reduction under section 3582(c)(1)(A) merely by asserting reasons that he, or for that matter this Court, might believe are sufficiently "extraordinary and compelling" to justify a sentence reduction. Instead, under the plain text of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t), as well as controlling precedent, Defendant's proffered reasons must be consistent with the Sentencing Commission's applicable policy statement concerning what should be considered extraordinary and compelling reasons for a sentence reduction under section 3582(c)(1)(A).

**2. Defendant satisfies section 3582(c)(1)(A) because his alleged "extraordinary and compelling reasons" for sentence reduction are "consistent with applicable policy statements issued by the Sentencing Commission."**

Defendant's compassionate-release motion asserts multiple grounds including his assertion that the risks to his health associated with COVID-19, coupled with his existing medical conditions constitute extraordinary and compelling reasons to reduce his sentence. Defendant's assertion based upon COVID-19 fails because it is untethered to the Sentencing Commission's binding applicable policy statement in section 1B1.13 of the Sentencing Guidelines. Section 1B1.13 describes what will be considered "extraordinary and compelling reasons" for sentence reduction under section 3582(c)(1)(A)(i) and provides no basis for a reduction based on COVID-19.

Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).[2] Application note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons,

---

[2] The policy statement is binding under the express terms of section 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Dillon*, 560 U.S. at 824–28 (rejecting the proposed application of *Booker* in the related context of a proceeding under section 3582(c)(2)); *United States v. Doublin*, 572 F.3d 235, 237–39 (5th Cir. 2009) (rejecting application of *Booker* to sentence reductions under 18 U.S.C. § 3582).

. . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.*, comment. (n.1(A)–(D)).

Consistent with the application note, the BOP has issued Program Statement 5050.50 ("PS 5050.50"), which describes the BOP's consideration of compassionate-release requests. PS 5050.50, which was amended effective January 17, 2019, following the passage of the First Step Act, sets forth in detail the BOP's definition of circumstances that may support a request for compassionate release, limited to the same bases identified by the Commission: serious medical conditions, advanced age, and family circumstances.[3] *See* PS 5050.50 ¶¶ 3–6.

Neither the Commission's policy statement nor PS 5050.50 provide a basis for compassionate release based on Defendant's COVID-19 concerns. Instead, the grounds for release are limited to individual circumstances involving health, age, family responsibilities, and other reasons as determined by the Director of the BOP. For this reason, courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by section 3582(c)(1)(A). *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); *United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure

---

[3] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting PS 5050.50 ¶ 7).

to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Because Defendant's compassionate-release motion seeks a sentence reduction based on alleged "extraordinary and compelling reasons" that are not "consistent with applicable policy statements issued by the Sentencing Commission," he fails to meet the requirements of section 3582(c)(1)(A)(i) as it relates to COVID-19.

Although COVID-19 is not a basis for a sentence reduction, Defendant does assert that he is over 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  The Court finds that Defendant meets this requirement.

Defendant was in treatment for chronic lymphoid leukemia ("CLL") at the time of his sentencing and he has received quarterly testing and treatment at a private cancer center throughout his term of incarceration.  During his incarceration, his condition has been well-managed.  However, throughout 2020, Defendant's white blood cell counts have continued to rise, requiring increased medical monitoring.  In in September 2020, Defendant reported symptoms consistent with having suffered a heart attack.  While testing did not identify any evidence of congestive heart failure, BOP continued treating Defendant to prevent any future heart attacks. On October 1, 2020, Defendant presented with stroke-like symptoms (both physical and verbal), requiring hospitalization and further testing.  Most recently, on November 17, 2020, Defendant presented with edema of his lower extremities and difficulty "expressing himself."  The treating physician noted that Defendant appeared to struggle with his memory and was slow to respond to questioning.  Suspecting possible dementia, Defendant has been referred for further neurological and psychological testing.

Based upon this extensive medical record, Defendant suffers from significant medical issues, which seem to be progressing. These conditions constitute an "extraordinary and compelling" reason for releasing him to home confinement because they substantially diminish Defendant 's ability to provide self-care while incarcerated. And even if Defendant were able to provide a minimum level of self-care, Defendant is 79-years and has served almost 11 years within the BOP—90% of his statutory time served. The combination of Defendant's age, term served, and medical conditions that have resulted in "a serious deterioration in physical or mental health because of the aging process," present extraordinary and compelling reasons for a sentence reduction under § 3582(c).

Since Defendant's meets the section 3582(c)(1)(A)'s requirements, the Court needs to address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction. The Court finds that the weighing these factors supports a sentence reduction. Defendant is a 79-year-old man who served approximately 11 years of his sentence. Although the Court acknowledges the severity of his crime and does not minimize it, there is no evidence that Defendant ever communicated with a child or that he abused a child. The Court acknowledges that Defendant's current physical and neurological conditions mitigate the threat he currently poses to the community. The Court believes that there are conditions that make release possible. The Court also finds that Defendant be released to home confinement, rather than to time served.

### III. Conclusion

It is therefore **ORDERED** that Defendant's Motion [for] Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. #50) is **GRANTED**.

It is further **ORDERED** that the Defendant be released to reside for the first 180 days in a residential re-entry center or until an appropriate residence is found, upon the first available vacancy.  All subsistence fees are waived.  Defendant is to obey the rules of that facility and acknowledge in writing receipt of such rules.  Defendant shall remain in custody for a period of thirty (30) days to allow the probation office time to secure Defendant's placement at a halfway house.

It is further **ORDERED** that upon his release from custody of the Bureau of Prisons, the Defendant shall begin serving the 5-year term of supervised release previously imposed with all of the conditions previously imposed.  These prior special conditions include that the Defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer as well as limiting Defendant's access to internet-accessible devices.

It is further **ORDERED** that Defendant, upon release, maintain a 14-day quarantine.

**IT IS SO ORDERED.**

SIGNED this 10th day of December, 2020.

AMOS L. MAZZANT  
UNITED STATES DISTRICT JUDGE